IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT C. TRIPODI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL CONCEPTS, LLC et al.,<br><br>Defendants. | **SECOND ORDER FOR ADDITIONAL BRIEFING**<br><br>Case No. 2:09-cv-0071-CW<br><br>Judge Clark Waddoups |

This matter is before the court to determine damages following the court granting Plaintiff Robert C. Tripodi, Jr.'s ("Tripodi") Motion for Entry of Default Judgment against Prime West Jordanelle, LLC ("Prime West LLC") and Nathan Welch ("Welch") (collectively "Defendants"). Prime West LLC acquired real property to develop a high-end master planned community and resort. To secure loans, Prime West LLC executed promissory notes, along with deeds of trust, and Welch signed the promissory notes as manager of Prime West LLC and as a guarantor. The notes were executed in favor of Capital Concepts, LLC ("Capital Concepts") and Capital Concepts subsequently assigned them to Tripodi. Tripodi now seeks damages against Welch as guarantor[1] and against Defendants, collectively, for violation of securities laws.

Although Tripodi has a default judgment against Defendants, Tripodi must still show a causal connection between Defendants' actions and Tripodi's damages based on the alleged state and federal securities laws. At this time, there is nothing in the record that shows Defendants sold

---

[1] Although Tripodi seeks damages against Welch as guarantor, it concurs that damages cannot be assessed until after foreclosure of the real property and calculation of the deficiency.

Tripodi anything. Instead, the evidence shows that Capital Concepts sold Tripodi three promissory notes for $1,000,000. Moreover, the Complaint focuses on Capital Concepts' actions and purported misrepresentations. Except for a few conclusory allegations, Tripodi has not shown how Defendants controlled Capital Concepts or engaged in a scheme to defraud, such that Defendants must pay damages for Capital Concepts' actions. The court further notes that misrepresentations must be made prior to a purchase for there to be a causal connection between reliance on those representations and damages.

Tripodi must therefore show (1) how Prime West LLC meets the definition of a "seller" under Utah securities law; (2) how Defendants controlled Capital Concepts; (3) why Capital Concepts' actions should be imputed to Prime West LLC for purposes of determining damages; and (4) what writing constitutes a registration statement under Section 11 (15 U.S.C. § 77k) for which Defendants must pay damages. In its analysis, Tripodi should address *Wenneman v. Brown*, 49 F. Supp. 2d 1283 (D. Utah 1999), as well as other relevant case law. The court also grants leave for Tripodi to submit additional evidence to establish these factors. Such additional analysis and evidence should be submitted on or before **February 15, 2011**. The court sets a hearing to address these issues on **March 4, 2011** at 11:00 a.m.

SO ORDERED this 28th day of January, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge