FILED
U.S. DISTRICT COURT
2011 MAY 23 P 2:30
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT C. TRIPODI, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL CONCEPTS, LLC et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:09-cv-0071-CW <br><br> Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court to determine damages following the court granting Plaintiff Robert C. Tripodi, Jr.'s ("Tripodi") Motion for Entry of Default Judgment against Prime West Jordanelle, LLC ("Prime West LLC") and Nathan Welch ("Welch") (collectively "Defendants"). Prime West LLC acquired real property to develop as a high-end master planned community and resort. To secure loans, Prime West LLC executed promissory notes, along with deeds of trust, and Welch signed the promissory notes as manager of Prime West LLC and as a guarantor. The notes were executed in favor of Capital Concepts, LLC ("Capital Concepts") and Capital Concepts subsequently assigned them to Tripodi. Tripodi now seeks damages against Welch as guarantor[1] and against Defendants, collectively, for violation of securities laws.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2011, Tripodi submitted a declaration and proposed order asking the court to

---

[1] Although Tripodi seeks damages against Welch as guarantor, it concurs that damages cannot be assessed until after foreclosure of the real property and calculation of the deficiency.

award $1,233,852.06 in principal and interest.[2] Tripodi acknowledged in his declaration that Defendants had made payments totaling $270,838.35.[3] He applied those payments, however, to "accrued interest on the promissory notes, which expressly provided for payment of interest at 18%, with a default rate of 24%."[4] Tripodi then attested, "I have not received any principal payments with respect to the promissory notes."[5]

In an Order, dated April 8, 2011, the court informed Tripodi that it could not enter his proposed order because his damage calculation did not comply with a prior ruling of the court. In particular, the court stated:

> As discussed at the hearing on March 4, 2011, Tripodi did not file an action against Prime West for breach of the promissory notes. *Default judgment was therefore not based on default of the notes. Rather, it was based on Prime West's purported violations of securities laws.* Accordingly, interest must be calculated based on securities laws and not upon a cause of action for which Prime West has not been found liable.[6]

It then directed Tripodi to calculate interest based on Section 61-1-22(1) of the Utah Code.[7] The

---

[2] Declaration of Robert C. Tripodi, Jr. Regarding Damages Owed by Defendants Prime West Jordanelle, LLC and Nathan Welch, ¶ 15 (Dkt. No. 63).

[3] *Id.* ¶ 12.

[4] *Id.*

[5] *Id.* ¶ 13.

[6] Order, 1 (Apr. 8, 2011) (Dkt. No. 64) (emphasis added).

[7] *Id.* Although Tripodi obtained default judgment on his Utah and federal securities law claims, the pre-judgment interest rate typically is more favorable under Utah securities law.

court also instructed Tripodi to "factor in the payments that were made by Prime West."[8] Finally, the court admonished Tripodi that a "[f]ailure to provide a calculation in accordance with this order will result in denial of all interest and the amount of damages will be further offset by the $270,838.35 that Tripodi has attested he received from Prime West."[9]

On April 14, 2011, Tripodi submitted a revised declaration. In the revised declaration, Tripodi again asserted, "I have received a total of $270,838.35 in payments of accrued interest on the promissory notes, which expressly provided for payment of interest at 18%, with a default rate of 24%."[10] He also reaffirmed he had "not received any principal payments with respect to the promissory notes."[11] Tripodi attached a spreadsheet to his declaration that showed his calculation of interest from December 2006 through April 2011. According to his calculations, Defendants had accrued $513,895.89 in interest.[12] At the bottom of the spreadsheet, Tripodi showed eight "interest (only) Payments Received against Promissory Notes."[13] After deducting those payments from the *total* interest calculated, Tripodi concluded that Defendants owed $243,057.54 in accrued interest and a total damage amount of $1,243.057.54.[14]

---

[8] *Id.* at 1–2.

[9] *Id.* at 2.

[10] Revised Declaration of Robert C. Tripodi, Jr. Regarding Damages Owed by Defendants Prime West Jordanelle, LLC and Nathan Welch, ¶ 13 (Dkt. No. 65).

[11] *Id.* ¶ 16.

[12] Robert C. Tripodi, Jr. Monies Due, 2 (Dkt. No. 65, Ex. A).

[13] *Id.*

[14] *Id.*

## ANALYSIS

I. **CALCULATION OF DAMAGES**

As stated above, the court entered judgment in favor of Tripodi based on his federal and state securities law claims, and it instructed Tripodi to calculate prejudgment interest based on Utah law. The Utah Supreme Court has declared how damages are calculated under Section 61-1-22(1) of the Utah Code. In *Russell v. Martell*, the plaintiffs had purchased a promissory note from the defendant. The Court stated that the plaintiffs were "limited to the recovery of the consideration paid for the security."[15] Moreover, any payments that the defendant had made to plaintiffs had to "be deducted in the calculation of the plaintiffs' damages."[16] In *IOSTAR Corporation v. Stuart*, the Utah District Court stated "a purchaser can recover the difference between the amount paid for the security and any amount received upon tender of the security."[17]

Here, Tripodi has attempted to argue that he has received no payment on the security. Instead, he has received interest only payments at the default rate on the promissory note. As the court has stated, however, Tripodi neither asserted a cause of action for breach of the promissory note nor obtained a judgment for such alleged breach. It is therefore improper for Tripodi to assert that the payments he has received from Defendants were not payments on the security but payments on the defaulted notes. Stated differently, Tripodi chose his cause of action when pursuing his judgment. He cannot, therefore, mix contract law and securities law when calculating damages for

---

[15] *Russell v. Martell*, 681 P.2d 1193, 1195 (Utah 1984).

[16] *Id.* at 1196.

[17] *IOSTAR Corporation v. Stuart*, No. 1:07-cv-133, 2009 U.S. Dist LEXIS 9476, at *33 (D. Utah Feb. 3, 2009).

the one does not inform the other.[18]

Therefore, when calculating damages, Tripodi should have credited Defendants' payments against the security on the date the payments were received. Interest should then have been calculated based on the adjusted security amount. Instead, Tripodi took the total amount paid for the securities, calculated interest over a period of four years, and then from that total deducted the payments he received. This resulted in a somewhat higher damage amount than what Tripodi is entitled to under the law. Because Tripodi failed to follow the court's order and had previously been warned of the consequences if he failed to follow the court's order, the court shall not award pre-judgment interest in this matter. Thus, Tripodi's damage award is as follows:

1. Defendants are liable and indebted to Tripodi in the amount of $729,161.65. This figure is based on the total amount Tripodi paid for the securities ($1,000,000) minus the payments Tripodi received from Defendants ($270,838.35).

2. Although the court has disallowed pre-judgment interest, the court concludes that Defendants are entitled to post-judgment interest at the rate provided for under 28 U.S.C. § 1961.[19]

3. The judgment amount against Defendants shall be reduced by any amounts received by Tripodi, if any, from the sale of the subject property in this matter.

---

[18] *See Hail v. Heyman-Christiansen, Inc.*, 536 F.2d 908, 910 (10th Cir. 1976) (holding that the plaintiff was not entitled to recover attorney fees based on Utah securities laws because the "principal recovery here was grounded solely on the federal 10b-5 claim").

[19] The court entered default judgment on April 8, 2011, which date the parties shall use to calculate post-judgment interest.

## II. CALCULATION OF ATTORNEY FEES AND COSTS

Under Utah securities law, Tripodi is also entitled to receive reasonable attorney fees and costs.[20] Such fees and costs must have been incurred, however, in the successful prosecution of the claims against these particular defendants. Proceedings against other defendants should not factor into the analysis. Tripodi's counsel submitted an affidavit and exhibits that detail fees and costs incurred in this matter. It appears that the claimed fees and costs include research on causes of action that were not asserted against Defendants. It also appears that fees and costs associated with other proceedings were included. The court therefore requests that Tripodi submit a revised affidavit and exhibits that include only those fees and costs incurred in prosecuting the claims against Defendants. If it is not apparent on its face why a claimed fee or cost arose from prosecuting the claims against Defendants, the court requests that Tripodi provide a more complete explanation of the charge for the court's review. The revised information shall be provided to the court on or before **June 17, 2011**. Otherwise, attorney fees and costs shall be denied.

SO ORDERED this 23rd day of May, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[20] Utah Code Ann. § 61-1-22(1)(b) (2011).