IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT C. TRIPODI, JR.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL CONCEPTS, LLC et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:09-cv-0071-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Plaintiff Robert C. Tripodi, Jr.'s Motion for Determination of Damages and Entry of Judgment Against Defendant Nathan Welch. For the reasons stated below, the court enters judgment in the amount of $729,161.65, together with postjudgment interest accruing from May 23, 2011 until the damage amount is satisfied.

## FACTUAL BACKGROUND

On April 27, 2010, the court entered default judgment against Mr. Welch for securities law violations and authorized foreclosure of certain real property located in Wasatch County. On May 23, 2011, it issued a memorandum decision that addressed damages owed by Mr. Welch. Because the court found that Mr. Tripodi had failed to calculate damages in accordance with its order, the court disallowed pre-judgement interest.[1] Additionally, the court ordered Mr. Tripodi to submit a revised affidavit regarding attorney fees and costs.

---

[1] Had pre-judgment interest been allowed, it would have accrued at a statutory rate of twelve percent. *See* Utah Code Ann. § 61-1-22(1)(c)(ii) (2013).

In response to the court's memorandum decision and order, Mr. Tripodi submitted a revised affidavit and filed a motion to reconsider the ruling on pre-judgment interest. Before the court addressed the motion and affidavit, Mr. Welch filed a petition in bankruptcy, which effectively stayed the matter.

On June 4, 2013, the bankruptcy court lifted the stay so final judgment could be entered against Mr. Welch by this court. *See* Order (Dkt. No. 30, Case No. 11-31920 (Bankr. D. Utah)). Mr. Tripodi then filed the present motion and simultaneously withdrew his motion for reconsideration. *See* Mot. for Determination of Damages, 5 (Dkt. No. 5). Likewise, he withdrew his request for attorney fees. *See id.* at 5 n.3. Therefore the only issue remaining is the date postjudgment interest should begin accruing.

## ANALYSIS

Mr. Tripodi contends that postjudgment interest should begin accruing as of the date default judgment was entered against Mr. Welch, namely, April 27, 2010. Federal statute specifies that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (2010). Postjudgment interest is "calculated from the date of the entry of the judgment." *Id.* The Court of Appeals for the Tenth Circuit has stated that "'postjudgment interest should be calculated from the date that a plaintiff's damages are meaningfully ascertained *and* included in a final, appealable judgment.'" *Greene v. Safeway Stores, Inc.*, No. 99-1393, 2000 U.S. App. LEXIS 8541, at *4 (10th Cir. Apr. 28, 2000) (quoting *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1233 (10th Cir. 1995)) (emphasis added).

In another case, the Tenth Circuit addressed whether postjudgment interest should accrue from the date a party prevailed on its claim and became unconditionally entitled to an award or from

the date damages were quantified. *Midamerica Fed. Sav. & Loan Ass'n v. Shearson/American Express, Inc.*, 962 F.2d 1470, 1475  76 (10th Cir. 1992). The Court concluded the proper date for postjudgment interest to commence was the date damages were quantified. *Id.* at 1476. In so holding, the Court rejected a Fifth Circuit case that allowed for postjudgment interest as of the date a party became unconditionally entitled to damages. *Id.* (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544  45 (5th Cir. 1983)).

Under Rule 58 of the Federal Rules of Civil Procedure, a judgment is not entered until the Clerk of the Court sets forth the judgment on a separate document or a "150 days have run from entry [of the judgment] on the civil docket." Fed. R. Civ. P. 58(a), (c)(2)(B); *see also Med. Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 573  74 (10th Cir. 2007). Rule 54 specifies, however, that when the court enters a decision or order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties," the decision does not constitute a final appealable judgment unless the court expressly so states. Fed. R. Civ. P. 54(b).

Applying Tenth Circuit law, the court concludes that postjudgment interest did not begin accruing when it entered default judgment against Mr. Welch because damages were not quantified on that date. Moreover, because the memorandum decision and order on May 23, 2011 did not resolve all claims against all of the parties, it did not constitute a final appealable judgment. As such, postjudgment interest typically would not have started to accrue on that date either. When the court disallowed pre-judgment interest, however, in its May 23rd decision and order, it was not the court's intent to further sanction Mr. Tripodi by delaying the accrual of postjudgment interest. Moreover, the delay that has ensued between that decision and Mr. Tripodi's present motion occurred due to actions taken by Mr. Welch. Principles of equity are thus at play in this matter.

In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Knudsen*, 749 F.2d 496, 497 (8th Cir. 1984), the Eighth Circuit noted that section 1961 requires that postjudgment interest be calculated from the date final judgment is entered pursuant to Rule 58. The Court further noted, however, that "due to an apparent oversight in the Clerk's office, judgment was not entered until ten months after the district court decided the case." *Id.* Because the delay "was not the fault of the prevailing party," the Court concluded that "equity dictates that we award interest calculated from the date judgment should have been entered." *Id.* (citations omitted).

The Court then distinguished the case of *Millers' National Insurance Co. v. Wichita Flour Mills Co.*, 257 F.2d 93 (10th Cir. 1958). In that case, a jury reached its verdict on May 3, 1955, but final judgment was not entered until March 21, 1957. *Id.* at 104. Despite the delay of almost two years, the Tenth Circuit concluded that postjudgment interest did not commence until the final judgment was entered. *Id.* Significantly, however, the trial judge expressly stated that "judgment will be entered when I sign the Journal Entry." *Id.* Due to the trial court's stated intent, the Tenth Circuit held there was no judgment until that entry was made on March 21, 1957. *Id.*

Likewise, this court distinguishes the case of *Hull v. United States*, 971 F.2d 1499 (10th Cir. 1992). As in *Miller*, the Tenth Circuit rejected an equitable approach when determining interest. *Id.* at 1509. Notably, however, the case involved the United States' sovereign immunity and the Court was "dealing not with the general interest statute, 28 U.S.C. 1961, but rather with the specific statute that allows interest to be recovered against the government, 31 U.S.C. 1304(b)(1)(A)." *Id.* Under those circumstances, the court had to construe the statute narrowly. *Id.*

Here, the court is dealing with the general interest statute. Moreover, it had no intent to delay accrual of postjudgment interest and any further delay would impose a sanction beyond that intended

by the court when it denied prejudgment interest. Additionally, the time lapse between the court's May 23, 2011 ruling and the present motion largely occurred due to actions taken by Mr. Welch rather than Mr. Tripodi. The court therefore concludes that equity necessitates entry of final judgment as of May 23, 2011, on the securities law claims against Mr. Welch, and that there is no just reason for delay.[2] Accordingly, it directs the Clerk of the Court to enter final judgment against Mr. Welch as follows:

1. Mr. Welch is liable and indebted to Mr. Tripodi in the amount of $729,161.65 on the securities law claims. This figure is based on the total amount Mr. Tripodi paid for the securities ($1,000,000) minus the payments Mr. Tripodi received from Mr. Welch and other defendant(s) ($270,838.35).

2. Although the court has disallowed prejudgment interest on the securities law claims, the court concludes that Mr. Tripodi is entitled to postjudgment interest at the rate provided for under 28 U.S.C. § 1961. Postjudgment interest shall accrue from May 23, 2011 until such time as this judgment is satisfied.

3. The judgment amount against Mr. Welch shall be reduced by any amounts received by Mr. Tripodi, if any, from the sale of the subject property in this matter.

## CONCLUSION

For the reasons stated above, the court GRANTS Mr. Tripodi's Motion for Determination

---

[2] Until the property is foreclosed and sale proceeds are applied, final judgment cannot be entered on the First Cause of Action (Foreclosure of Real Property) and Second Causes of Action (Personal Guarantee Against Nathan Welch).

of Damages.[3]  Additionally, it directs the Clerk of the Court to enter final judgment against Mr. Welch as stated above.

DATED this 23rd day of July, 2013.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[3] Docket No. 117.